UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| ROBERT HOBSON, | ) | |
|---|---|---|
| Plaintiff, | ) | No. 3:11-cv-00443 |
| | ) | Judge Campbell |
| v. | ) | |
| MICHAEL GREENWOOD, et al., | ) | |
| Defendants. | ) | |

**M E M O R A N D U M**

The plaintiff, an inmate at the Lois M. DeBerry Special Needs Facility in Nashville, Tennessee, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against corrections officers Michael Greenwood and Brenda Johnson, as well as the Tennessee Department of Corrections. (Docket No. 1). The plaintiff alleges that he was denied recreation time on April 29, 2011. (*Id.*) The plaintiff seeks $200,000.00 in damages and the termination of officers Greenwood and Johnson. (*Id.* at p. 7).

**I.      Prison Litigation Reform Act Standard**

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

1

**II.     Section 1983 Standard**

To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**III.    Facts As Alleged in the Complaint**

The complaint alleges only that defendants Greenwood and Johnson denied the plaintiff recreation time on April 29, 2011. The plaintiff states that he is suing the Tennessee Department of Corrections (TDOC) because the individual defendants are employees of TDOC. (Docket No. 1 at p.6).

**IV.    Analysis of Section 1983 Claim**

The plaintiff's claim concerning the amount of recreation time to which he is entitled is a conditions of confinement claim. The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan,* 511 U.S. 825, 832 (1994)(collecting cases). An Eighth Amendment conditions of confinement claim has two elements. "First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* at 834 (internal

quotation marks and citations omitted). Second, the prison official's "state of mind [must be] one of 'deliberate indifference' to inmate health or safety." *Id.* (quoting *Wilson v. Seiter,* 501 U.S. 294, 302-03 (1991)).

The amount of exercise that an prisoner is provided need only comport to the "'minimal civilized measure of life's necessities.'" *Walker v. Mintzes,* 771 F.2d 920, 927 (6th Cir. 1985) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). A total denial of recreational opportunities may violate the Constitution. *See Walker,* 771 F.2d at 927-28. Although the Sixth Circuit has not defined a minimum standard for recreation for adult prisoners, in its opinion in *Rodgers v. Jabe*, 43 F.3d 1082, 1087-1088 (6th Cir. 1995), the Court strongly suggests that five (5) hours a week is the constitutional minimum. Furthermore, the deprivation of sunshine and fresh air may violate the Eighth Amendment. *See Comer v. Stewart*, 215 F.3d 910, 916 (9th Cir. 2000); *Blissett v. Coughlin*, 66 F.3d 531, 537 (2d Cir. 1995).

Even construing the complaint liberally, the plaintiff's allegations regarding the lack of recreation time **on a single day** do not rise to level of an Eighth Amendment violation. Even if the plaintiff was deprived of recreation time on one day, such a deprivation is not "sufficiently serious" to constitute an actionable violation of Section 1983. The plaintiff does not allege that there are ongoing restrictions on the amount of recreation time–outdoor or indoor–he is permitted. The court cannot conjure up facts not pleaded in the complaint.

In his complaint, the plaintiff states that defendants Greenwood and Johnson are sued in their individual and official capacities. (Docket No. 1 at p. 5). "A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity" of which the official is an agent, *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir.1994); *see also Will v. Mich. Dep't of State Police*,

3

491 U.S. 58, 71 (1989). Thus, the plaintiff's claims against defendants Greenwood and Johnson in their official capacities are claims against the State of Tennessee.

However, governmental entities cannot be held responsible for a constitutional deprivation, unless there is a direct causal link between a municipal policy or custom and the alleged violation of constitutional rights. *Monell*, 436 U.S. 658, 691; *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 442 (6th Cir. 2000). The plaintiff does not allege, nor can it be liberally construed from the complaint, that the defendants acted according to any policy or custom attributable to the State of Tennessee. Consequently, the State of Tennessee has no liability under § 1983 in this matter. Accordingly, the claims against the above defendants in their official capacities, which are claims against the State of Tennessee, will be dismissed.

**V.    Conclusion**

For the reasons explained above, the plaintiff's claims brought pursuant to 42 U.S.C. § 1983 against all defendants will be dismissed.

An appropriate Order will be entered.

Todd J. Campbell
United States District Judge